

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3699 | DATE | 12/1/2004 |
| CASE TITLE | LILLIE WARD vs. CHASE MANHATTAN MORTGAGE CORP | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants the Appellee's motion to dismiss [doc. no. 4-1]. This case is terminated. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 03 2004 | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CG courtroom deputy's initials | 2004 DEC -2 AM 8:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIE WARD, | ) |
| Appellant, | ) 04 C 3699 |
| v. | ) Judge Ronald A. Guzmán |
| CHASE MANHATTAN MORTGAGE CORPORATION, | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellee Chase Manhattan Mortgage Corporation's Motion to Dismiss Appellant Lillie Ward's appeal from the Bankruptcy Court's order denying Appellant's motion to reopen the Chapter 13 proceeding of Climmie Ward ("Ward"). For the reasons provided below, the Court grants the Appellee's motion and dismisses the appeal for lack of jurisdiction.

## FACTS

On April 13, 2004, Appellant filed a Motion to Reopen the Chapter 13 proceeding of Ward and to vacate an October 9, 2003 Order of the Bankruptcy Court dismissing the proceeding. On April 15, 2004, the Bankruptcy Court denied Appellant's motion. The order of the Bankruptcy Court denying Appellant's motion was docketed the next day, on April 16, 2004. The record on appeal includes a notice of appeal that bears a United States District Court drop box time stamp of April 26, 2004 at 5:53 p.m. However, the Bankruptcy Court docket reflects that the notice of appeal was not actually filed by Appellant until April 27, 2004. Moreover, the

notice of appeal contained in the Bankruptcy Court's file also shows that it was filed on April 27, 2004 and the filing fees were paid on April 27, 2004. The Appellee contends that Appellant's notice of appeal was not filed until April 27, 2004. As such, the Appellee argues that the notice of appeal was not timely filed and that this Court is thereby divested of jurisdiction.

## DISCUSSION

This Court must determine whether it has the requisite jurisdiction to hear Appellant's appeal from the Bankruptcy Court's denial of her Motion to Reopen the Chapter 13 proceeding of Ward and to vacate the October 9, 2003 order of the Bankruptcy Court dismissing the proceeding. "District courts sit as appellate courts when hearing appeals from bankruptcy courts and, '[l]ike any federal appellate court, this court has a special obligation to satisfy itself that there is federal jurisdiction to hear the appeal.'" *In re Circle Fine Art Corp.*, No. 97 C 1155, 1997 WL 534323, at *1 (N.D. Ill. Aug. 26, 1997) (quoting *In re Bowers-Siemon Chems. Co.*, 123 B.R. 821, 822 (N.D. Ill. 1991)). 28 U.S.C. § 158 provides in pertinent part that district courts "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1).

Federal Rule of Bankruptcy Procedure 8002 requires that a notice of appeal be filed within ten days from the date of the judgment, order or decree from which the appeal is taken. FED. R. BANKR. P. 8002(a); *see In re Schwinn Bicycle Co.*, 209 B.R. 887, 890 (N.D. Ill. 1997); *Martin v. Bay State Milling Co.*, 151 B.R. 154, 155 (N.D. Ill. 1993). "The 10-day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a)." *In re Peacock*, 125 B.R. 526, 528 n.7 (N.D. Ill. 1991). Accordingly, failure to file a timely notice of

2

appeal divests the district court of jurisdiction, thereby requiring dismissal of the appeal. *In re Schwinn*, 209 B.R. at 890.

As a general rule, in computing the ten-day time period for filing the notice of appeal, the date of entry of the order is not included. FED. R. BANKR. P. 9006(a). The intermediate Saturdays, Sundays, and legal holidays are included in the computation unless the time period for filing is less than eight days. *Id.*

In this case, the order appealed from was entered on April 16, 2004. (Bank. Doc. No. 25.) As such, the tenth and last day for filing a notice of appeal was Monday, April 26, 2004.[1] Thus, if the Appellant failed to file her notice of appeal by April 26, 2004, the Appellee's Motion to Dismiss must be granted.

The Appellant contends that she "filed her Notice of Appeal by depositing the Notice into the Drop Box designated for the Eastern Division of the United States Bankruptcy Court on April 26, 2004" at 5:53 p.m. (Resp. Mot. Dismiss at 1.) Local Bankruptcy Rule 5005-2 of the United States Bankruptcy Court for the Northern District of Illinois[2] governs the procedure for use of the drop box. Local Bankruptcy Rule 5005-2(4) states that "documents placed in the drop box in compliance with this Rule and time-stamped before 6:00 p.m. on a business day shall be deemed filed on the date stamped received." As the record on appeal contains a notice of appeal that bears a drop box time stamp of April 26, 2004 at 5:53 p.m., Appellant argues that her Notice

---

[1]Because April 26, 2004 was a Monday, it is included in the computation of the ten-day time period. *See* FED. R. BANKR. P. 9006(a). Moreover, as the time period for filing is not less than eight days, the intermediate Saturdays and Sundays are also included in the computation. *See id.*

[2]Local Bankruptcy Rule 5005-2 has the force of law. *See Schmidt v. Esquire, Inc.*, 210 F.2d 908, 913 (7th Cir. 1954).

of Appeal was timely filed and this Court has jurisdiction to hear the appeal. (*See* Resp. Mot. Dismiss at 1.)

Local Bankruptcy Rule 5005-2(3), however, states that "notices of appeal . . . shall not be placed in the drop boxes." The Appellee therefore argues that "because [the Appellant's] entire argument rests on her use of the drop box on April 26, 2004, and because use of the drop box to file a notice of appeal is prohibited . . . , Appellant cannot establish that she timely filed the notice of appeal using the drop box."[3] (Reply Resp. Mot. Dismiss at 2-3.) This Court agrees with Appellee.

"When the language of a statute is clear and unambiguous, we must give effect to its plain meaning unless doing so would thwart the purpose of the overall statutory scheme." *United States v. Chemetco, Inc.*, 274 F.3d 1154, 1159 (7th Cir. 2001) (quotations omitted). Local Bankruptcy Rule 5005-2(3) of the United States Bankruptcy Court for the Northern District of Illinois clearly and unambiguously prohibits the filing of notices of appeal in the drop box. Obviously the Court would not be giving effect to this rule if it were to hold that Appellant could file her notice of appeal by placing it in the drop box. Moreover, the plain meaning of Local Bankruptcy Rule 5005-2(3) is consistent with Local Bankruptcy Rule 5005-2(4) as that subsection makes clear that only "documents placed in the drop box *in compliance with this Rule* . . . before 6:00 p.m. shall be deemed filed on the date stamped received." As the Appellant's placement of a notice of appeal in the drop box was not in compliance with Local Bankruptcy

---

[3]The Appellee also argues that even if the Court looked past Appellant's violation of Local Bankruptcy Rule 2005-2(3), the notice of appeal could still not be deemed to have been timely filed because the Appellant did not, in fact, drop the notice of appeal in the drop box on April 26, 2004. (Reply Resp. Mot. Dismiss at 3-4.) However, given this Court's ruling with respect to Appellee's first argument, the Court need not address the Appellee's second argument.

4

Rule 5005-2(3), it cannot be deemed filed on the date stamped received, namely April 26, 2004. Thus, the notice of appeal was not timely filed and as such, this Court lacks jurisdiction to hear the appeal.

## CONCLUSION

For the reasons discussed above, the Court grants the Appellee's Motion to Dismiss [doc. no. 4-1]. This case is hereby terminated.

SO ORDERED.                ENTERED: 12/1/04

HON. RONALD A. GUZMAN
**United States Judge**

5